DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Acie Cole, Jr., ) | |
| ) | CASE NO. 4:06 CV 2743 |
| Petitioner-Defendant, ) | (Criminal Case No. 4:02 CR 253) |
| ) | |
| v. ) | MEMORANDUM OPNION |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent-Plaintiff. ) | |
| ) | |

I.  Introduction

The petitioner-defendant (hereafter referred to as the defendant) was indicted on June 26, 2002, and charged with conspiracy to distribute and possess with intent to distribute in excess of five kilograms of cocaine.  The defendant was not arrested until September, 2004.  His jury trial began on November 29, 2004 and concluded with a conviction.  The defendant was sentenced on January 28, 2005, to a mandatory term of life imprisonment pursuant to statute.  The defendant filed a notice of appeal on February 1, 2005.  On November 30, 2005, the Sixth Circuit granted the defendant's motion to dismiss his appeal.

The instant action, which the Court has treated as requesting relief under the provisions of 28 U.S.C. § 2255, was filed on November 14, 2006.[1]  The government filed a comprehensive answer to the motion on February 16, 2007.

The prosecution of this case was delayed by the defendant's petition for a writ of

---

[1] The defendant, acting in his pro se capacity, has constantly denied that he was seeking relief under 28 U.S.C. section 2255, but that he was seeking relief pursuant to the great writ.

(4:06 CV 2743
4:02 CR 253)

mandamus with the Sixth Circuit as filed on February 23, 2007. The Sixth Circuit denied the defendant's petition for a writ of mandamus. Following the denial of the defendant's application for a writ of mandamus, this Court proceeded with the instant action.

### II.  The Court's Memorandum Opinion and Order Filed on September 13, 2007

After examining the transcript of the sentencing hearing in which the Court imposed a mandatory life sentence, the Court determined that it had failed to give the defendant the opportunity to allocute and thus, granted the application for a writ of habeas corpus and ordered the defendant returned for re-sentencing, at which time the defendant would have the opportunity to engage in allocution prior to the announcement of sentence.

The Court also declared, after careful review of the pleadings and record, that no other constitutional violations had been established by the defendant and so his remedy in this case was limited to a re-sentencing, at which time the defendant would have the time to engage in allocution.[2]

The Court then ordered the defendant returned for a hearing limited to a re-sentencing.

### III.  The Defendant's Conduct on June 5, 2008

The defendant was returned from the place of incarceration in California to Ohio. The defendant appeared in open court on June 5, 2008. The Court had earlier indicated that it would not appoint counsel for the defendant on the occasion of a re-sentencing as Jacqueline Staten of Newport Beach, California, was counsel of record for the defendant. The records of the Court

---

[2]The obvious advantage to the defendant upon re-sentencing, would be the opportunity to file a direct appeal from his conviction and sentence.

(4:06 CV 2743
4:02 CR 253)

indicate that a copy of the Memorandum Opinion was mailed to Attorney Jacqueline Staten. The Court directed that a copy of the memorandum opinion calling for the re-sentencing be mailed to Jacqueline Staten.

When the sentencing hearing began on June 5, 2008, the Court noted that Attorney Jacqueline Staten was not present. The Court inquired of the defendant whether he wished the Court to appoint new counsel to represent the defendant. The defendant declined the offer of counsel and indicated that he wished to continue to represent himself in a pro se manner. The defendant then proceeded to tell the Court that the Court was incorrect in scheduling the re-sentencing as he had no constitutional right of allocution. The defendant also indicated that he was not going to engage in allocution. The defendant continued with a series of statements challenging the Court's jurisdiction as well as his current incarceration.

### IV. The Court's Ruling

In light of the foregoing, the Court's prior order dated September 13, 2007 granting the defendant's application for a writ of habeas corpus for the limited purpose of re-sentencing the defendant, is vacated and held for naught.

The Court will publish a Judgment Entry denying the defendant's application for a writ of habeas corpus. The Court will also indicate that there are no grounds advanced by the defendant which would justify the issuance of a certificate of appealability.

Finally, as the Court is of the view that the defendant will be in transit back to his place of incarceration, it may be difficult for the defendant to file a timely notice of appeal.

Consequently, the Court requests that the Federal Defender's Office file forthwith a

3

(4:06 CV 2743
4:02 CR 253)

notice of appeal on behalf of the defendant from the judgment in this case.  The Court will not request the Federal Defender's office to undertake the representation of the defendant because the Federal Defendant's office had represented a co-defendant in connection with the underlying prosecution.

In the event the defendant requests the Court to appoint counsel for him to prosecute an appeal from this order, the Court will request the Sixth Circuit to appoint counsel for the defendant to prosecute the appeal from the judgment of the Court.

The clerk is directed to mail a copy of this opinion and order to the defendant at his address at his place of incarceration in California.

The Marshal is requested to serve a copy of this Memorandum Opinion and Judgment on the defendant,  if in fact the defendant is still in the district awaiting transportation to his place of incarceration in California.  If the Marshal is successful in serving a copy of this Memorandum Opinion and Judgment on the defendant before he departs the district, the Marshal is requested to so indicate in writing.

IT IS SO ORDERED.

| June 6, 2008 | */s/ David D. Dowd, Jr.* |
|---|---|
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |